# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW

                    Plaintiff,

v.

LAURA FRAZIER and JOHN/JANE DOE,

                    Defendants.

Case No. 20-CV-294-JPS

**ORDER**

Plaintiff Terrance J. Shaw, an inmate confined at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment were violated. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 25, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $70.04. (Docket #5). Plaintiff paid that fee on March 13, 2020. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the conclusion of this order.

**2.    SCREENING THE COMPLAINT**

   **2.1    Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that after his heart surgery on October 12, 2016, he was not provided his prescribed medication by RCI, where he was incarcerated. (Docket #1 at 1). Plaintiff, despite requesting refills on time, had many lapses in being provided his medication over the next eight months. (*Id.* at 1–5).

Plaintiff's complaint does not disclose that he filed another case containing precisely these same allegations in December 2017.[1] In that prior case, this Court screened Plaintiff's amended complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Kristin Vasquez, Laura Frazier, and Paul Kemper ("Defendants"). (18-CV-158, Docket #28). Defendants moved for summary judgment. The Court granted Defendants' motion for summary judgment on September 20, 2019, finding that Defendants were not deliberately indifferent to Plaintiff's serious medical condition and dismissing the case with prejudice. (*Id.*, Docket #59). Plaintiff did not appeal the dismissal.

---

[1] Plaintiff originally filed that prior action in the Western District of Wisconsin. *Terrance J. Shaw v. Kristin Vasquez, et al.*, 3:17-CV-913, (Docket #1). The case was transferred to the Eastern District on January 30, 2018. *Terrance J. Shaw v. Kristin Vasquez, et al.*, 18-CV-158, (Docket #11). This Court was assigned the case on February 15, 2018.

**2.3     Analysis**

The Court is unable to reach the merits of Plaintiff's instant case because this action is barred by res judicata. The doctrine of res judicata, or claim preclusion, prohibits a party from re-litigating a case which had previously been dismissed with prejudice. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Res judicata "has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Id.* (quotation omitted). All three are present here.

First, Plaintiff's prior case concluded with a final order and judgment dismissing the action with prejudice. (18-CV-158, Docket #59, #60). Next, Plaintiff's prior case involved the same conduct at issue in the present action. (18-CV-158, Docket #27; 20-CV-294, Docket #1). In the present case, Plaintiff filed a complaint with a nearly identical statement of facts as that in Plaintiff's amended complaint in his prior case. (20-CV-294, Docket #1 at 1–4; 18-CV-158, Docket #27 at 2–9). Specifically, in both cases Plaintiff alleges deliberate indifference to his serious medical condition, in violation of the Eighth Amendment, when Plaintiff was not provided his prescribed medication after his heart surgery. (*Id.*) Finally, Plaintiff's prior case named three defendants—Kristin Vasquez, Laura Frazier, and Paul Kemper. (18-CV-158, Docket #27). In the present case, the defendants are Laura Frazier, Jane Doe, and John Doe. (20-CV-294, Docket #1). It is clear from comparing Plaintiff's amended complaint in the prior case with his complaint in the present action that Plaintiff has merely swapped out Kristin Vasquez and Paul Kemper for Jane Doe and John Doe. (18-CV-158, Docket #27; 20-CV-294, Docket #1). Plaintiff's attempt to make the present case appear different

from his prior case has not succeeded. Plaintiff cannot simply re-file the same action after the first is dismissed with prejudice, hoping for a different result the second time. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("In civil litigation, the final resolution of one suit is conclusive in a successor [suit], whether or not that decision was correct. If Gleash wanted to contest the validity of the district judge's decision—either on the merits or on the ground that he should have been allowed to re-plead—he had to appeal.").

3. **CONCLUSION**

The Court will not provide Plaintiff a second bite at the apple and will dismiss this action with prejudice. The Court will also assess a strike against Plaintiff in accordance with the PLRA. The Court gives Plaintiff a further, final warning. If he continues to file new cases regarding these events, Plaintiff will not only be subject to additional strikes, but he may be subject to sanction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $279.96 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge